George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica Melgar (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Attorneys for Plaintiffs:

Writers' Guild-Industry Health Fund; and
Board of Trustees, Writers' Guild-Industry Health Fund

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES DENNIS,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action for equitable restitution necessary to prevent the unjust enrichment of Defendant Charles Dennis (hereinafter referred to as

COMPLAINT – 1
CASE NO.:

"Defendant" or "Mr. Dennis") and his former spouse Kim Evaleth (hereinafter referred to as "Ms. Evaleth.") Plaintiffs seek restitution of certain medical fund assets which rightfully belong to Plaintiffs and Writers' Guild-Industry Health Fund (hereinafter referred to as "Health Fund", or Benefit Plan) and which are being wrongly retained by Defendant. The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., (hereinafter "ERISA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs are administered and where the breaches described herein took place.

## PARTIES

4. The Benefit Plan is an employee benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing health and welfare, and related benefits to eligible participants. The Benefit Plan receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and Writers Guild of America, West, and Writers Guild of America, East, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

5. The Benefit Plan and Boards of Trustees maintain their principal place of business at 2900 West Alameda Avenue, Suite 1100, Burbank, California.

6. The Benefit Plan brings this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Plan to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(a)(3).

7. Defendant Charles Dennis is a participant of the Benefit Plan.

8. Ms. Evaleth is, upon information and belief, a former beneficiary of the Benefit Plan. Ms. Evaleth received payments from the Benefit Plan in error on account of fraud by her and Mr. Dennis failing to inform the Benefit Plan of the dissolution of her marriage to Mr. Dennis.

**STATEMENT OF CLAIMS**

9. Mr. Dennis worked in employment covered by collective bargaining agreements between his employer and the Writers Guild of America, West. The collective bargaining agreements required the employer to make contributions to the Benefit Plan on behalf of covered employees. As a result of those contributions, Mr. Dennis was a participant in the Benefit Plan.

10. Until on or about March 2017, Ms. Evaleth was an eligible dependent, covered under the Benefit Plan due to her marriage to Mr. Dennis.

11. Upon information and belief, Mr. Dennis and Ms. Evaleth was dissolved by judicial dissolution on or about March 31, 2017, thereby making Ms. Evaleth ineligible to receive benefits from the Benefit Plan. At this time, neither Mr. Dennis nor Ms. Evaleth informed the Benefit Plan of the dissolution of their marriage.

12. Upon information and belief, Ms. Evaleth continued to receive benefits from the Benefit Plan for medical care she received throughout 2017 and 2018 even though she was not eligible for those benefits.

13. On or about January 29, 2019, Mr. Dennis notified the Benefit Plan that he and Ms. Evaleth had dissolved their marriage on or about March 2017.

14. The Benefit Plans' Trust Fund Office conducted a claims audit of Mr. Dennis and Ms. Evaleth's claims from April 1, 2017 through January 29, 2019.

15. Based on Ms. Evaleth's eligibility ending on or about March 31, 2017, the claims audit determined that the Benefit Plan had overpaid a total of $50,234.88 in medical expenses. This is an estimate and could be higher or lower depending on additional evidence elicited in discovery or at trial.

16. The Benefit Plan Trust Fund Office sent Mr. Dennis and Ms. Evaleth a billing letter requesting immediate reimbursement of the overpaid benefits.

17. On March 1, 2019, the attorneys for the Benefit Plan sent Mr. Dennis and Ms. Evaleth a letter, via first class mail and electronic mail, requesting immediate reimbursement of the overpaid benefits.

18. To date, Defendant have not paid the Benefit Plan the amount owed in reimbursement to the Health Funds.

19. Administration of the Benefit Plan is governed by the Trust Agreement. Article III, Section 8(iii), titles "Recovery of Costs in Ineligible Cases" provides that a responsible Producer and Writer shall be jointly and individually liable to the Health Fund for the amount paid for which the Producer or Writer or other person is not eligible under the Health Fund rules.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Health Fund Trustees demand:

(1) An injunction enforcing the provisions of the Trust Agreement and ordering the restitution of the amount overpaid minus any payments Defendant have made up to an including the date of Judgment, plus the additional accrued interest from Defendant to Plaintiffs, together with interest and attorney's fees and costs, and

(2)  Such other legal or equitable relief to which Plaintiffs are entitled.

Dated: 03/28/19               KRAW LAW GROUP

                              By: /s/ Katherine McDonough
                                  KATHERINE MCDONOUGH
                                  Counsel for Plaintiffs